**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**Larry Jo Leeson**,

          Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

          Respondent.

**CIVIL ACTION NO.: 1:16-CV-139
CRIMINAL ACTION NO.: 1:03-CR 43
(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This case arises from Larry Jo Leeson's ("Petitioner") second or successive *pro se* Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody. Because Petitioner's claims of error are (1) untimely, (2) an abuse of the writ, and (3) do not raise a new issue of constitutional law, the undersigned recommends that Petitioner's motion be denied and dismissed with prejudice.

### II.   Facts & Procedural History

#### A.  Petitioner's Conviction and Sentence

In 2003, Petitioner was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, ECF No. 7.[1] Although Petitioner put forth an insanity defense at trial, the jury found him guilty. Jury Verdict, ECF No. 63. At sentencing, the United States argued that Petitioner's three prior convictions for violent felonies were predicate offenses that qualified him for an

---

[1] With the exception of Section II.D, all ECF numbers in Section II will refer to Criminal Action No. 1:03-CR-43.

increased sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Sentencing Memorandum, ECF No. 67. The District Court agreed. Specifically, this

Court concluded that Petitioner's three predicate offenses were a (1) 1988 conviction for

burglary of a habitation with the intent to commit theft, (2) 1984 conviction for

aggravated robbery, and (3) 1984 conviction for attempted capital murder of a peace

officer. See id. Accordingly, Petitioner was sentenced to a term of 230 months

imprisonment followed by 5 years of supervised release. Judgment & Commitment

Order, ECF No. 68 at 2–4.

### B. Petitioner's Appeals

Soon thereafter, Petitioner timely appealed his case to the United States Court of

Appeals for the Fourth Circuit. Notice of Appeal, ECF No. 69. There, Petitioner argued,

among other things, that the district court erred when it "determin[ed] that he qualified

for an increased sentence under the ACCA." United States v. Leeson, 453 F.3d 631,

638–39 (4th Cir. 2006). To make that determination, Petitioner insisted that

> the district court could count his 1988 conviction . . . for
> burglary of a habitation with the intent to commit theft and
> *either* the Aggravated Robbery Conviction or the Attempted
> Capital Murder Conviction, *but not both*, because these latter
> two violent felonies were not "committed on occasions
> different from one another."

Id. at 639 (emphasis in original) (quoting 18 U.S.C. § 924(e)(1)). Specifically, the latter

two violent felonies were not committed on different occasions because, Petitioner

insisted, they happened on the same day, at the same place. See id. at 639–43.

In a published opinion, however, the Fourth Circuit concluded that Petitioner's

1984 convictions for aggravated robbery and attempted capital murder were, in fact,

"separate and distinct criminal episodes and, thus, [were] offenses committed on

2

occasions different from one another for purposes of the ACCA." Id. at 642. In support, the Fourth Circuit explained that Petitioner's crimes (1) were "distinctly different in nature," (2) "had decidedly different victims," (3) "had different criminal objectives," and (4) Petitioner had "the opportunity to cease and desist from engaging in further criminal conduct." Id. at 641, 642. In short, the Fourth Circuit upheld "the district court's determination that [Petitioner] qualified for an increased sentence under the ACCA." Id. at 643.

Later, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. Leeson v. United States, 127 S. Ct. 1874, 167 L.Ed.2d 365 (2007).

**C. Petitioner's First § 2255 Motion**

Having exhausted his rights on appeal, in March 2008, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 82. There, Petitioner argued, among other things, that he received ineffective assistance of counsel. Id. at 7. Less than a month later, a United States Magistrate Judge issued a Report and Recommendation recommending that Petitioner's § 2255 motion be denied and the case dismissed with prejudice. Report & Recommendation, ECF No. 87. Because there were no objections to the Report and Recommendation, the District Court adopted the Magistrate Judge's Report and Recommendation and promptly denied Petitioner's motion and dismissed the case with prejudice. Order Adopting Report & Recommendation, ECF No. 92.

**D. Petitioner's Second § 2255 Motion**

In July 2016, the Fourth Circuit authorized Petitioner to file a second or successive § 2255 motion because he "made a prima facie showing that the new rule

3

of constitutional law announced in <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2563

(2015)" (hereinafter <u>Johnson II</u>), which applies retroactively to cases on collateral

review, <u>see</u> <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268, 194 L.E.2d 387 (2016),

"may apply to his case." Order, ECF No. 118 (citing <u>In re Hubbard</u>, 825 F.3d 225,

228–32 (4th Cir. 2016); <u>Mathis v. United States</u>, 136 S. Ct. 2243, 195 L.E.2d 604

(2016)). Petitioner filed his second or successive § 2255 motion less than a month

later. ECF No. 112; <u>see also</u> No. 1:16-CV-139, ECF No. 1.[2]

  In his motion, Petitioner claims that he is entitled to relief on four grounds. First,

Petitioner argues that his court-appointed Federal Public Defender rendered

ineffective assistance of counsel because he did not (1) investigate Petitioner's prior

convictions, which were predicate offenses that enhanced his sentence; (2) protect

Petitioner's due process rights at sentencing; and (3) object to the presentence report

in open court. Memorandum of Law in Support, ECF No. 9-2 at 9–13.[3] Second,

Petitioner argues that the District Court erred when it "miscalculated the sentencing

guidelines range because sentences imposed on the 'same day' are treated as one

sentence." <u>Id.</u> at 13 (emphasis omitted). Third, Petitioner argues (again) that his 1984

convictions in Texas are not predicate offenses because his 1984 convictions for

violent felonies "do not meet the 'separate occasions' portion of 18 U.S.C. § 924(e) . . .

." <u>Id.</u> at 14. And fourth, Petitioner argues (again) that the District Court committed

"plain error" when it "miscalculated the sentencing guideline range because sentences

imposed on the 'same day' are treated as one sentence." <u>Id.</u> at 15 (emphasis omitted).

---

[2] Petitioner later refiled his second or successive § 2255 motion on a court-approved form. No. 1:03-CR-43, ECF No. 120; No. 1:16-CV-139, ECF No. 9.

[3] This ECF number, and all ECF numbers moving forward (unless otherwise noted), refers to Civil Action No. 1:16-CV-139.

The undersigned addresses each argument in turn below.

### III.   DISCUSSION

#### A.  Legal Standard

Pursuant to 28 U.S.C. §§ 2244, 2255, the appropriate court of appeals may authorize the filling of a second or successive § 2255 motion if the Defendant makes a prima facie showing that said motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see 28 U.S.C. § 2244(b)(3). Although a prima facie showing indicates that the second or successive may have merit "warrant[ing] a fuller exploration by the district court," Cooper v. Woodford, 358 F.3d 1117, 1119 (9th Cir. 2004) (emphasis added), a district court is required to dismiss any claim presented in said motion "unless the applicant shows that the claim satisfies the requirements of this section," 28 U.S.C. § 2244(b)(4) (emphasis added).

> The term "satisfies the requirements of this section" refers to the incorporation of the procedures for the filing of a second or successive habeas petition pursuant to 28 U.S.C. § 2244 into section 2255. Thus, to "satisfy the requirements of this section" pursuant to section 2244 as incorporated into section 2255(h), a Petitioner is required to plead facts that show either:
>
> > "(1) newly discovered evidence that, if proven and viewed in light *of the evidence as a whole*, would be sufficient to establish by clear and convincing evidence that no reasonable

5

> factfinder would have found the movant guilty
> of the offense;
> *or* (2) a new rule of constitutional law, made
> retroactive to cases on collateral review [b]y
> the Supreme Court, that was previously
> unavailable."

United States v. Quiroz-Montejano, No. 1:99–cr–05060–AWI, 2015 WL 5092699, at *2–
3 (E.D. Cal. Aug. 28, 2015) (emphasis in original) (quoting United States v. Villa–
Gonzalez, 208 F.3d 1160, 1164 (9th Cir. 2000) (quoting 28 U.S.C. § 2255)).

Although section 2244(b)(4) does not elaborate on what is required to make this
showing, the undersigned finds Quiroz-Montejano persuasive and likewise concludes
"that the prisoner must make more than another prima facie showing." Quiroz-
Montejano, 2015 WL 5092699, at *3 (quoting Villa–Gonzalez, 208 F.3d at 1165).
Accordingly, the undersigned further concludes "that under section 2244(b)(4), a district
court must conduct a thorough review of all allegations and evidence presented by the
prisoner to determine whether the motion meets the statutory requirements for the filing
of a second or successive motion." Id. (quoting same).

In addition, collateral motions for relief under section 2255 are subject to a one-
year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act
("AEDPA"). Specifically, subsection 2255(f) provides that the one-year limitation shall
run from the latest of:

> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

6

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise
of due diligence.[4]

see also In re Vassell, 751 F.3d 267, 268 (4th Cir. 2014) (denying authorization to file

successive petition for collateral review because it would be time barred by the one-year

statute of limitations).

### B. Petitioner's Second § 2255 Motion is Without Merit[5]

#### 1. Petitioner's Ineffective Assistance of Counsel Claim is Untimely and an Abuse of the Writ

As outlined above, Petitioner's instant motion claims that he is entitled to relief

because he received ineffective assistance of counsel. See Memorandum of Law in

Support, ECF No. 9-2 at 9–13. This argument is without merit.

"A habeas petition that is numerically second or successive is not necessarily

'second or successive' within the meaning of subsection 2255(h)." Quiroz-Montejano,

2015 WL 5092699, at *3 (citing Cooper v. Calderon, 308 F.3d 1020, 1023 (9th Cir.

2002)); see In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). "A petition is 'second or

successive' . . . only if its claims were (1) raised in a prior petition and determined on

their merits, or (2) if the claims were not raised in a prior petition and the petitioner's

failure to assert the claims earlier constitute an abuse of the writ." Id. (citing same);

see United States v. Hairston, 754 F.3d 258 (4th Cir. 2014). "The concept of 'abuse of

---

[4] Because Petitioner is seeking relief pursuant to section 2255(h), the undersigned will only consider whether Petitioner's motion was timely filed within the context of sections 2255(f)(3) and 2255(f)(4).

[5] Although Petitioner's second or successive § 2255 motion was filed on June 27, 2016, Petitioner appears to have mailed his motion on June 23, 2016. See No. 1:03-CR-43, ECF No. 112-11. When a prisoner is appearing pro se, his habeas application is considered "filed" on the date he delivers it to prison officials for mailing to the district court, not on the date the motion is actually filed with the district court. See Houston v. Lack, 487 U.S. 266 (1988). Because Petitioner's instant motion, albeit deficient, was mailed before June 25, 2016 (within one year of the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015) (decided June 26, 2015)), Petitioner's motion was timely filed within the applicable statute of limitations. See 28 U.S.C. § 2255(f)(3).

the writ' is founded on the equitable nature of habeas corpus." Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986) (plurality opinion). "Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that 'disentitles him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." Id. (emphasis added) (quoting Sanders v. United States, 373 U.S. 1, 17–19 (1963)).

Although the Fourth Circuit, here, authorized Petitioner to file a second or successive § 2255 motion because he made a prima facie showing that a new rule of constitutional law (which applies retroactively) may apply to his case, Order, ECF No. 118, this argument raises no such issue, see Johnson II, 135 S. Ct. 2551. Instead, Petitioner reasserts his ineffective assistance of counsel claim but with a new factual basis: Specifically, he argues that his court-appointed counsel did not (1) investigate Petitioner's prior convictions, which were predicate offenses that enhanced his sentence; (2) protect Petitioner's due process rights at sentencing; and (3) object to the presentence report in open court. ECF No. 9-2 at 9–13. None of these allegations are, however, based on newly discovered facts. Indeed, the entire claim is predicated on his counsel's alleged actions, or inactions, in preparation for and during his original sentencing. See ECF No.9-2 at 9–13. All of these facts were available to Petitioner to use as a factual basis for his ineffective assistance of counsel claim when he filed his first § 2255 motion almost ten years ago. Because those facts were readily available to Petitioner, or, at the very least, could have been discovered had Petitioner exercised the requisite due diligence, Petitioner's claim is barred by the one-year statute of limitations.

8

28 U.S.C. 2255(f)(4). Even if these facts were newly discovered, they would not support a finding of not guilty by clear and convincing evidence. See id. § 2255(h)(1).

Because the facts underlying Petitioner's instant claim were readily available to him in 2008 and he chose not to raise them in his first § 2255 motion claiming ineffective assistance of counsel, the undersigned concludes that Petitioner's instant claim for ineffective assistance of counsel is untimely and an abuse of the writ. See 28 U.S.C. §§ 2255(f)(4), 2255(h); Quiroz-Montejano, 2015 WL 5092699, at *3 (citing Calderon, 308 F.3d at 1023).

### 2. Petitioner's Claims that His Sentence was Wrongly Enhanced Under the ACCA are an Abuse of the Writ

In Petitioner's second, third, and fourth grounds for relief, he insists that his sentencing guideline range was miscalculated because his 1984 convictions for aggravated robbery and attempted capital murder were committed on occasions different from one another and, therefore, should have been treated as one predicate offense. ECF No. 9-2 at 13–15. These claims similarly ring hollow.

Here, Petitioner's repeated claims that his sentence was wrongly enhanced plainly do not raise a new rule of constitutional law under Johnson II. In Johnson II, the Supreme Court considered whether the ACCA's "residual clause," (the latter half of 18 U.S.C. § 924(e)(2)(B)(ii)), is unconstitutionally vague. Johnson II, 135 S. Ct. at 2555. Petitioner's enhanced sentence was not, however, based on the application of the ACCA's residual clause. Rather, Petitioner's sentence was enhanced because his three prior convictions were considered violent felonies under the ACCA's "elements" or "force clause" (§ 924(e)(2)(B)(i)) and "enumerated clause" (the first half of § 924(e)(2)(B)(ii)).

9

Further, the Fourth Circuit has already addressed Petitioner's argument on the merits. See United States v. Leeson, 453 F.3d 631 (4th Cir. 2006), cert. denied, 127 S. Ct. 1874, 167 L.Ed.2d 365 (2007).  In Leeson, Petitioner challenged this Court's "determination that he qualified for an increased sentence under the ACCA" because he claimed (as he does now) that only two of his three prior convictions counted as predicate convictions that could qualify him for an enhanced sentence. Leeson, 453 F.3d at 638–39; ECF No. 9-2 at 13–15. There, the Court concluded that four of five Letterlough factors weighed in favor of Petitioner's convictions being separate and distinct criminal episodes: (1) the crimes were "distinctly different in nature," (2) "[t]he crimes had decidedly different victims," (3) the crimes "had different criminal objectives," and (4) Petitioner "had the opportunity to make a conscious and knowing decision to cease and desist his criminal behavior or engage in yet another crime." Leeson, 453 F.3d at 641. Based on these factors, the Fourth Circuit readily concluded that Petitioner's 1984 convictions for aggravated robbery and attempted capital murder were separate and distinct criminal episodes for purposes of the ACCA. Id. at 642. Accordingly, the Fourth Circuit upheld and affirmed this Court's "determination that [Petitioner] qualified for an increased sentence under the ACCA." Id. at 643.

Because Petitioner's second, third, and fourth grounds for relief do not raise a new rule of constitutional law and because the Fourth Circuit already rejected those claims on the merits, the undersigned concludes that they are an abuse of the writ. See 28 U.S.C. § 2255(h); Quiroz-Montejano, 2015 WL 5092699, at *3 (citing Calderon, 308 F.3d at 1023).

### 3.   Petitioner's Three Prior Convictions Are Valid Predicate Offenses for an Enhanced Sentenced Under the ACCA

In <u>Johnson II</u>, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague. <u>Johnson II</u>, 135 S. Ct. 2551. That decision did not, however, "call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony."[6] <u>Id.</u> at 2563. To the extent Petitioner does raise a <u>Johnson II</u> claim, the undersigned nevertheless concludes that this claim is without merit because Petitioner's three prior convictions are valid predicates for an enhanced sentence under the ACCA's force clause of § 924(e)(2)(B)(i) and enumerated clause of § 924(e)(2)(B)(ii).[7]

### a.   Petitioner's Conviction for Burglary

Petitioner's 1988 conviction for Texas burglary of a habitation with the intent to commit theft is a valid predicate for an enhanced sentence under the ACCA because it is a "violent felony" under the enumerated clause—not the residual clause—of § 924(e)(2)(B)(ii).

To determine whether Petitioner's burglary conviction is a "violent felony" under the enumerated clause of § 924(e)(2)(B)(ii), courts use the categorical approach or the modified categorical approach. <u>See Descamps v. United States</u>, 133 S. Ct. 2278,

---

[6] Nor did the Supreme Court's decision in <u>Johnson v. United States</u>, 559 U.S. 133 (2010) (hereinafter <u>Johnson I</u>), invalidate the ACCA's enumerated clause. <u>See generally id.</u> Rather, it merely clarified that "physical force," in the force clause of the ACCA, "means <u>violent</u> force—that is, force capable of causing physical pain or injury to another person." <u>Id.</u> at 140.

[7] Although Petitioner's "claim depends on the interplay between <u>Johnson II</u>, permitting post-conviction review of the ACCA-enhanced sentence, and <u>Johnson I</u>, defining the scope of the force clause," the undersigned nevertheless concludes that Petitioner "relied to a sufficient degree on <u>Johnson II</u> to permit . . . review of his claim." <u>United States v. Winston</u>, 850 F.3d 677, 682 n.4 (4th Cir. 2017). In that regard, the present issue before the Court is whether Petitioner, "even after receiving the benefit of <u>Johnson II</u>," is still not entitled to relief because his prior convictions fall within the force clause or enumerated clause and are, therefore, valid predicates for an enhanced sentence under the ACCA. <u>See id.</u>

2281, 186 L.E.2d 438 (2013). Using the former, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." Id. But "where the prior state offense is divisible, meaning it sets out multiple elements in the alternative," courts use the latter. United States v. Doctor, 842 F.3d 306, 308 n.3 (4th Cir. 2016) (citing Descamps, 133 S. Ct. at 2284, 186 L.Ed.2d 438). "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2281, 186 L.Ed.2d 438. "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Id.; see also id. at 2285 ("[The modified categorical approach] retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime."). If the definition of the underlying burglary conviction is not broader than the generic definition, then the conviction can serve as a valid predicate for an enhanced sentence under the ACCA. See id. at 2283 ("If the relevant statute has the same elements as the 'generic' ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily . . . guilty of all the [generic crime's] elements.'" (alteration in original)).

Here, Petitioner pleaded guilty to Texas burglary of a habitation. See No. 1:03-CR-43, ECF No. 120-7 at 1–4. In Texas, burglary is defined as follows:

> A person commits an offense if, without the effective
> consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

Tex. Penal Code Ann. § 30.02(a) (1974). Because § 30.02(a) lists the elements of Texas burglary in the alternative, the undersigned will apply the modified categorical approach. See United States v. Uribe, 838 F.3d 667, 671 (5th Cir. 2016) (applying the modified categorical approach to § 30.02(a)). Applying said approach, the undersigned concludes that Petitioner was convicted of burglary of a habitation in violation of Texas Penal Code § 30.02(a)(1), not § 30.02(a)(2) or § 30.02(a)(3), because Petitioner pleaded guilty to entering a habitation, owned by another, with the intent to commit theft. See No. 1:03-CR-43, ECF No. 120-7 at 1–4.[8]

Next, the Court must consider whether Texas Penal Code § 30.02(a)(1) is broader than the generic definition of burglary. See Descamps, 133 S. Ct. at 2281, 186 L.Ed.2d 438. Here, the undersigned concludes that § 30.02(a)(1) substantially corresponds to the Supreme Court's generic definition of burglary because—like generic burglary—section (a)(1) requires "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599 (defining general crime of burglary). This conclusion is consistent with other courts who have similarly concluded that Texas burglary, as defined by § 30.02(a)(1), aligns with the generic definition of burglary under the modified categorical approach.

---

[8] Petitioner's indictment and plea agreement are documents approved for this Court's review in Shepard v. United States, 544 U.S. 13, 26 (2005).

See, e.g., United States v. Uribe, 838 F.3d 667, 671 (5th Cir. 2016) (concluding that Texas burglary under § 30.02(a)(1) was a proper predicate for enhancing a sentence under ACCA because § 30.02(a)(1) "aligns with the generic offense of burglary"); United States v. Conde–Castaneda, 753 F.3d 172, 178–79 (5th Cir. 2014) (concluding same).

Because § 30.02(a)(1) corresponds with the generic definition of burglary, there is no doubt that Petitioner's Texas burglary conviction is a "violent felony" under the ACCA's enumerated clause and, therefore, a valid predicate for an enhanced sentence.

### b. Petitioner's Conviction for Aggravated Robbery

Petitioner's 1984 conviction for Texas aggravated robbery also qualifies as a valid predicate for an enhanced sentence under the ACCA because it is a "violent felony" under the force clause of § 924(e)(2)(B)(i)—not the residual clause of 924(e)(2)(B)(ii).

To determine whether a prior state offense is a "violent felony" under the force clause of § 924(e)(2)(B)(i), courts likewise turn to the categorical approach or the modified categorical approach. See Descamps, 133 S. Ct. at 2281, 186 L.E.2d 438 (2013). Depending on whether the state offense is divisible, courts use the applicable approach to "determine whether a particular state crime has as an element the 'use, attempted use, or threatened use of physical force against the person of another.'" Winston, 850 F.3d at 683 (quoting United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016) (citing 18 U.S.C. § 924(e)(2)(B)(i))). The Supreme Court has clarified that "'physical force' means violent force—that is, force capable of causing physical pain or

injury to another person." <u>Johnson I</u>, 559 U.S. at 140 (emphasis in original). If the state offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," then the underlying conviction can serve as a valid predicate for an enhanced sentence under the ACCA. <u>See,e.g.</u>, <u>Winston</u>, 850 F.3d 677.

Here, Petitioner was convicted of Texas aggravated robbery. <u>See</u> No. 1:03-CR-43, ECF No. 120-6 at 1–4. Pursuant to Texas Penal Code § 29.02, a robbery occurs when a "person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." <u>Id.</u> § 29.02(a). Pursuant to § 29.03, aggravated robbery occurs when a "person commits . . . robbery as defined in Section 29.02 of this code, and he: (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon." Tex. Pen. Code Ann. § 29.03(a) (1974).

Because § 29.03(a) lists the elements of Texas aggravated robbery in the alternative, the undersigned will apply the modified categorical approach. <u>See</u> <u>United States v. Palacios-Gomez</u>, 643 F. App'x 614, 615 (9th Cir. 2016) (applying the modified categorical approach "because [Texas Penal Code] § 29.03 is a divisible statute"). Applying said approach, the undersigned concludes that Petitioner was convicted of aggravated robbery in violation of Texas Penal Code §§ 29.02(a)(2) and 29.03(a)(2) because he pleaded guilty to "intentionally and knowingly threaten[ing] and

plac[ing] the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm." No. 1:03-CR-43, ECF No. 120-6 at 1.[9]

Next, the Court must consider whether Texas Penal Code §§ 29.02(a)(2) and 29.03(a)(2) have "as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i). Because the state offense underlying Petitioner's conviction for aggravated robbery includes (1) "intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death" by (2) "us[ing] or exhibit[ing] a deadly weapon," Tex. Pen. Code Ann. §§ 29.02(a)(2), 29.03(a)(2), the undersigned readily concludes that the state offense underlying Petitioner's conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i); see United States v. Loudd, Nos. 4:06–CR–00347, 4:16–cv–01928, 2017 WL 4276962, at *2–3 (S.D. Tex. Sept 26, 2017) (agreeing with Report and Recommendation that Texas aggravated robbery convictions were a "violent felony" under the force clause of the ACCA).

Further, Petitioner's indictment and plea agreement, documents approved for this Court's review in Shepard, "confirm that he acted with at least the *mens rea* of knowledge, and thus rule out the possibility that he was convicted under a non-generic version of . . . § 29.03." United States v. Palacios-Gomez, 643 F. App'x 614, 615 (9th Cir. 2016). Furthermore, at least two district courts in Texas have held that Texas robbery—the lesser included offense of aggravated robbery—is a "violent felony" under the force clause of the ACCA. See United States v. Garza, No. 2:04–CR–269,

---

[9] Petitioner's indictment and plea agreement are documents approved for this Court's review in Shepard. See 544 U.S. at 26.

2017 WL 318861 (S.D. Tex. Jan. 23, 2017); United States v. Roman, No. CR H–92–160, 2016 WL 7388388 (S.D. Tex. Dec. 20, 2016). But see United States v. Fennell, No. 3:15–CR–443–L (01), 2016 WL 4491728 (N.D. Tex. Aug. 25, 2016), reconsideration denied, No. 3:15–CR–443–L (01), 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016), aff'd, No. 16–11424, 2017 WL 3530351 (5th Cir. Aug. 16, 2017). Thus, it logically follows that Texas aggravated robbery also constitutes a "violent felony" under the force clause of the ACCA. See Loudd, 2017 WL 4276962, at *3 (holding same).

Accordingly, the undersigned concludes that Petitioner's Texas aggravated robbery conviction is a "violent felony" under the force clause of § 924(e)(2)(B)(i) and is, therefore, a valid predicate for an enhanced sentence under the ACCA. See Palacios-Gomez, 643 F. App'x at 615 (concluding that defendant's conviction for Texas aggravated robbery under § 29.03 is a crime of violence because defendant "acted with at least the *mens rea* of knowledge"); cf. United States v. McNeal, 818 F.3d 141, 154 (4th Cir. 2016) (holding that federal armed bank robbery was crime of violence).[10]

### c.  Petitioner's Conviction for Attempted Capital Murder

Similarly, Petitioner's 1984 conviction for attempted capital murder of a peace officer qualifies as a valid predicate for an enhanced sentence under the ACCA because it is a "violent felony" under the force clause of § 924(e)(2)(B)(i)—not the residual clause of 924(e)(2)(B)(ii).

---

[10] Because the term "violent felony" and "crime of violence" are cousins with strikingly similar definitions, "the court decisions interpreting one such definition are persuasive as to the meaning of the others." McNeal, 818 F.3d at 153 n.9 (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir.1995)).

To determine whether a prior state offense is a "violent felony" under the force clause of § 924(e)(2)(B)(i), courts likewise turn to the categorical approach or the modified categorical approach. See Descamps, 133 S. Ct. at 2281, 186 L.E.2d 438 (2013). Depending on whether the state offense is divisible, courts use the applicable approach to "determine whether a particular state crime has as an element the 'use, attempted use, or threatened use of physical force against the person of another.'" Winston, 850 F.3d at 683 (quoting Gardner, 823 F.3d at 803 (citing 18 U.S.C. § 924(e)(2)(B)(i))). The Supreme Court has clarified that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140 (emphasis in original). If the state offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," then the underlying conviction can serve as a valid predicate for an enhanced sentence under the ACCA. See,e.g., Winston, 850 F.3d 677.

Here, Petitioner was convicted of Texas attempted capital murder of a peace officer. See No. 1:03-CR-43, ECF No. 120-5 at 1–4. Under Texas law, in 1983, a person commits capital murder of a peace officer "if the actor intentionally or knowingly causes the death of a peace officer, who is acting in the lawful discharge of an official duty and who the person knows is a peace officer." Gelabert v. State, 712 S.W.2d 813, 817 (Tex. App. 1986) (emphasis omitted) (citing Tex. Penal Code Ann. § 19.03(a)(1) (1973)). A person commits criminal attempt "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (1973). Taken together, a person commits attempted capital murder of

18

a peace officer when he (1) intentionally or knowingly, (2) does an act in furtherance of, but fails to, (3) cause the death of an individual, (4) who is a peace officer, (5) in the lawful discharge of an official duty, and (6) who the person knows is a peace officer. See Tex. Penal Code Ann. §§ 15.01(a) and 19.03(a) (incorporating § 19.02(b)(1)). Because the elements of attempted capital murder of a peace officer are not listed in the alternative, the undersigned will apply the categorical approach.

Applying said approach, there is no doubt that one could not be convicted of attempted capital murder of a peace officer without attempting to use physical force against the person of another. In fact, it would be illogical to hold otherwise. Because attempted capital murder of a peace officer "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), the undersigned concludes—without hesitation—that Petitioner's prior state conviction is a "violent felony" under the force clause of § 924(e)(2)(B)(i) and, therefore, a valid predicate for an enhanced sentence under the ACCA, see United States v. Villanueva, 478 F. App'x 186 (5th Cir. 2012) (holding that defendant's prior conviction for Texas aggravated assault of a peace officer properly supported an enhanced sentence because it was a "crime of violence").

## VI.   RECOMMENDATION

For the foregoing reasons, I find that Petitioner's claims of error are (1) untimely, (2) an abuse of the writ, and (3) do not raise a new issue of constitutional law. Accordingly, I **RECOMMEND** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16-CV-139, ECF No. 1; Criminal Action No. 1:03-CR-43-01, ECF No. 112] be **DENIED** and **DISMISSED WITH**

**PREJUDICE**. In addition, I **RECOMMEND** that Petitioner's *pro se* Motions to Supplement Motion to Vacate, Set Aside or Correct Sentence [ECF Nos. 21, 22, 23, 28], Motion/Affidavit in Support of Application for Expedited Fast Track Doctrine [ECF No. 24], Supplemental Motion in Support for a Fast Track Expedited Process [ECF No. 26], Emergency Motion for Order to Show Cause [ECF No. 29], and Motion Requesting the Court to Rule on his Motion to Vacate, Set Aside or Correct Sentence [ECF No. 33] be **DENIED** as **MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, the Court directs the Clerk to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Furthermore, because this

Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 13th day of October, 2017.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE